■ JORDAN BARDACH et al., Appellants, v MATTHEW G. WEBER et al., Defendants, and CITRIN COOPERMAN & COMPANY, LLP, Respondent. [42 NYS3d 11]—

Appeal from order, Supreme Court, New York County (Debra A. James, J.), entered July 23, 2015, deemed appeal from judgment, same court and Justice, entered August 7, 2015, dismissing the complaint as against defendant Citrin Cooperman & Company, LLP (CPLR 5501 [c]), and, so considered, said judgment unanimously reversed, on the law, with costs, and the complaint reinstated.

The record fails to demonstrate as a matter of law that defendant Weber did not have apparent authority to enter into the transactions at issue (*see F.D.I.C. v Providence Coll.*, 115 F3d 136, 140 [2d Cir 1997]; Restatement [Second] of Agency § 27). Defendant Citrin, a full-service accounting firm, made Weber a partner. The services that Weber purported to perform for plaintiffs were within the purview of a Citrin partner. Weber met with plaintiffs at Citrin's office and communicated with them via his office email (i.e., the firm's email system and domain name). These facts raise the inference that Citrin conferred apparent authority on Weber for the transactions at issue (*see General Overseas Films, Ltd. v Robin Intl., Inc.*, 542 F Supp 684, 689 [SD NY 1982], *affd* 718 F2d 1085 [2d Cir 1983]). Concur—Mazzarelli, J.P., Sweeny, Andrias, Webber and Gesmer, JJ.